Filed 2/14/24  P. v. Johnson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>AMANDA ANN JOHNSON,<br><br>　　　　Defendant and Appellant. | C098683<br><br>(Super. Ct. No. 23CF00527) |

Appointed counsel for defendant Amanda Ann Johnson asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant and her two codefendants (one female and one male) were in a polyamorous relationship.  They all lived together, along with defendant's two minor children and her female codefendant's three minor children.  One of the children disclosed that she and her siblings had been sexually abused in their home by the male codefendant.  He also physically abused some of the children.  Defendant suspected that

1

there was inappropriate activity between her male codefendant and the children. After her male codefendant was arrested, defendant told her children to "just be quiet." When interviewed by a police investigator, defendant denied there had been any abuse.

Defendant and her two codefendants were charged in a 42-count indictment. Defendant was charged with three counts of child abuse (Pen. Code,[1] § 273a, subd. (a); counts 5, 6, and 7), one count of dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1); count 12), and one count of misdemeanor child abuse (§ 273a, subd. (b); count 40).

In April 2023, defendant pleaded no contest to counts 5, 6, 7, 12, and 40 in exchange for the dismissal of two misdemeanor counts in other cases not at issue here. She waived her right to a jury trial or court trial regarding aggravating circumstances, and instead agreed to permit the trial court to find aggravating circumstances based on the police reports.

In May 2023, the trial court sentenced defendant to state prison for an aggregate term of ten years eight months, as follows: the upper term of six years for count 5, one year four months consecutive each for counts 6 and 7 (one-third the midterm), two years consecutive for count 12 (one-third the midterm), and one year concurrent for count 40 with credit for time served.

The trial court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), a $200 court operations fee (§ 1465.8, subd. (a)(1)), and a $150 criminal conviction assessment fee (Gov. Code, § 70373).

Defendant did not obtain a certificate of probable cause on appeal.

---

**1**    Undesignated section references are to the Penal Code.

2

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days have elapsed and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


\s\
Krause, J.


We concur:


\s\
Robie, Acting P. J.


\s\
Duarte, J.

3